UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KENNARD LAW, P.C., <br> On behalf of itself and <br> all others similarly situated <br><br> Plaintiff, <br><br> vs. <br><br> NATIONAL FIRE INSURANCE <br> COMPANY OF HARTFORD <br><br> Defendant. | § § § § § § § § § § § | CIVIL ACTION NO. 4:20-CV-02534 |

**PLAINTIFFS' FIRST AMENDED ORIGINAL COMPLAINT**

Plaintiff Kennard Law, P.C., ("Kennard Law" or "Kennard") on behalf of itself and all others similarly situated, files this Plaintiff's First Amended Original Complaint, complaining of Defendant National Fire Insurance Company of Hartford ("NFICH"). In support, Kennard Law states the following:

**I.
NATURE OF THE CASE**

1. This is a class action against Defendant NFICH for deceiving and defrauding its policy holders in connection with claims for business interruption caused by the Coronavirus pandemic. Defendant made misrepresentations to its customers that it would cover business interruption

2. Plaintiff, on behalf of itself and Class Members, assert causes of action for breach of contract, breach of fiduciary duty, fraud, negligence, and violations of the Deceptive Trade Practices Act, and seek to recover actual and consequential damages of no less than $1,000,000, exemplary damages, treble damages, attorneys' fees and costs.

## II.
## PARTIES AND PROCESS

3. Plaintiff Kennard Law is a professional corporation organized under the laws of the State of Texas with its principal place of business in Houston, Harris County, Texas.

4. Defendant NFICH is a corporation organized under the laws of the State of Delaware and conducts business in Houston, Harris County, Texas. NFICH does not maintain a registered agent in Texas but may be served with process by serving its designated counsel, Husch Blackwell, LLP at 1900 N. Pearl Street, Suite 1800, Dallas, Texas 75201.

## III.
## JURISDICTION AND VENUE

5. The Court has jurisdiction over the parties and subject matter in this suit. The amount in controversy is within the jurisdictional limits of the Court.

6. Venue is proper in Harris County, Texas, pursuant to the Texas Civil Practice and Remedies Code Section 15.002(a)(1) because it is the county in which a substantial part of the events or omissions giving rise to the claims herein occurred.

## IV.
## DISCOVERY CONROL PLAN

7. Pursuant to Rule 190.4 of the Texas Rules of Civil Procedure, Plaintiff intends to conduct discovery under Level 3.

## V.
## FACTS

8. Plaintiff is a business incorporated as a Professional Corporation in the State of Texas.

9. Plaintiff purchased a business interruption insurance policy with Defendant. Plaintiff continued to pay premiums under the policy and at the time of the Coronavirus pandemic, Plaintiff had an effective business interruption insurance policy with NFICH.

10. After experiencing business interruption due to the Coronavirus pandemic, Plaintiff made a claim with NFICH. NFICH wrongfully denied coverage for Plaintiff's claim. The reasons Defendant gave for denying coverage were not valid.

## VI.
## CLASS ACTION ALLEGATIONS

11. Pursuant to TEX. R. CIV. P. 42, Plaintiff brings this action as a class action on behalf of itself and all members of the following Class of similarly situated persons and entities:

> All NFICH customers with a business interruption insurance policy who filed a claim with NFICH for business interruption caused by the Coronavirus pandemic and were denied.

Excluded from the Class are (i) NFICH senior executives and their immediate family members, and (ii) the Court, Court personnel, and their immediate family members.

12. On information and belief, the proposed Class consists of hundreds of entities, the joinder of which in one action is impracticable. The precise number and identities of the Class Members are currently unknown to Plaintiff but can easily be derived from Defendant's records.

13. Defendant violated the rights and interests of each Class Member in the same manner by their above-described uniform wrongful actions—to wit, wrongfully denying business interruption insurance claims caused by the Coronavirus pandemic despite the existence of valid insurance policies.

14. Common questions of law and fact predominate over any questions affecting individual Class Members including, *inter alia*:

(i) whether Plaintiffs had an existing business interruption insurance policy with the Defendant;

(ii) whether Plaintiffs paid premiums for their business interruption policies;

(iii) whether Defendant had a valid reason under the policy to deny Plaintiffs' claims;

(iv) whether Defendant acted knowingly in wrongfully denying Plaintiffs' claims;

(v) whether Defendant's above-described wrongful actions constitute breach of contract;

(vi) whether Defendant's above-described wrongful actions constitute breach of fiduciary duty;

(vii) whether Defendant's above-described wrongful actions constitute negligence;

(viii) whether Defendant's above-described wrongful actions constitute breach of the Texas Deceptive Trade Practices-Consumer Protection Act;

(ix) whether Defendant's above-described wrongful actions directly or proximately caused Plaintiffs and Class Members to suffer damages; and

(x) whether Plaintiffs and Class Members are entitled to recover actual damages, consequential damages, punitive damages, treble damages, pre- and post- judgment interest, attorneys' fees, litigation expenses, and court costs and, if so, the amount of the recovery.

15. Plaintiff's claims are typical of Class Members' claims because Plaintiff and Class Members are all victims of Defendant's above-described wrongful actions.

16. Plaintiff and its counsel will fairly and adequately represent the interests of Class Members. Plaintiff has no interests antagonistic to, or in conflict with, those of any of the Class

Members. Plaintiff's counsel is experienced in leading and prosecuting class actions and complex commercial litigation.

17. A class action is superior to all other available methods for fairly and efficiently adjudicating Plaintiff's and Class Members' claims. Plaintiff and Class Members have been harmed as a direct and proximate result of Defendant's above-described wrongful actions. Litigating this case as a class action is appropriate because (i) it will avoid a multiplicity of suits and the corresponding burden on the courts and Parties, (ii) it would be virtually impossible for all Class Members to intervene as parties in this action, (iii) it will allow numerous persons with claims too small to adjudicate on an individual basis because of prohibitive litigation costs to obtain redress for their injuries, and (iv) it will provide court oversight of the claims process once Defendant's liability is adjudicated.

18. Certification, therefore, is appropriate under TEX. R. CIV. P. 42(b)(3) because the above-described common questions of law or fact predominate over any questions affecting individual Class Members, and a class action is superior to other available methods for the fair and efficient adjudication of this controversy.

19. Alternatively, certification is appropriated under TEX. R. CIV. P. 42(b)(1) because the prosecution of separate actions by individual Class Members would create a risk of either (1) inconsistent or varying adjudications with respect to individual Class Members that would establish incompatible standards of conduct for the Defendant, or (2) adjudications with respect to individual Class Members that would, as a practical matter, be dispositive of the interests of other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

20. Absent a class action, Defendant will retain the benefits of its wrongdoing despite violating the law and inflicting substantial damages on Plaintiff and Class Members.

## VII.
## CAUSES OF ACTION

**Count One – Breach of Contract**

21. Pursuant to Rule 58 of the Texas Rules of Civil Procedure, Plaintiff reasserts and incorporates all allegations set forth herein.

22. Plaintiff and Class Members entered into valid, enforceable agreements with NFICH for business interruption insurance. Plaintiff and Class Members are in privity with NFICH as parties to valid, enforceable contracts or implied contracts. Plaintiff and Class Members have standing to sue NFICH for breach of those agreements.

23. Despite Plaintiff and Class Members fulfilling their obligations under the agreements, NFICH breached the agreements by refusing to approve valid claims under the business interruption insurance policies without a valid reason to do so under those policies.

24. As a result of NFICH's breach, Plaintiff and Class Members have been injured. Plaintiff's and Class Members damages are within the jurisdictional limits of the Court.

**Count Two – Breach of Fiduciary Duty**

25. Pursuant to Rule 58 of the Texas Rules of Civil Procedure, Plaintiff reasserts and incorporates all allegations set forth herein.

26. Defendant had a fiduciary relationship with Plaintiff and Class Members as its insurance customers and policy holders—owing Plaintiff and Class Members proper representations and a duty to faithfully execute Defendant's obligations under the policies. Defendant failed to do so.

27. Defendant breached its fiduciary duty by making false representations of fact and by intentionally denying Plaintiff's and Class Members' claims on false pretenses. Defendant denied

the claims based only on the total number of claims submitted and not based on whether the claims qualified for coverage under the policies.

28. As a result of Defendant's breaches of its fiduciary duties, Plaintiff and Class Members have been damaged in an amount within the jurisdictional limits of the Court.

**Count Three – Fraud**

29. Pursuant to Rule 58 of the Texas Rules of Civil Procedure, Plaintiff reasserts and incorporates all allegations set forth herein.

30. Defendant led Plaintiff and Class Members to believe it would evaluate claims based on objective facts and criteria rather than the total number of business interruption claims Defendant received. Defendant knowingly made false representations to Plaintiff and Class Members as to material facts.

31. As a result of relying on Defendant's representations, Plaintiff and Class Members have been damaged in an amount within the jurisdictional limits of the Court.

**Count Four – Negligence**

32. Pursuant to Rule 58 of the Texas Rules of Civil Procedure, Plaintiff reasserts and incorporates all allegations set forth herein.

33. In the alternative, Defendant was negligent in processing Plaintiff's and Class Member's claims, leading to a denial of coverage.

34. Defendant owed a duty of care to Plaintiff and Class Members but breached that duty and made negligent misrepresentations.

35. Defendant's negligence proximately caused Plaintiff's and Class Members' damages, which are within the jurisdictional limits of the Court.

**Count Five – Violation of the Deceptive Trade Practices Act**

36. Pursuant to Rule 58 of the Texas Rules of Civil Procedure, Plaintiff reasserts and incorporates all allegations set forth herein.

37. Plaintiff and Class Members were consumers as defined in the Texas Deceptive Trade Practices-Consumer Protection Act ("DTPA"), embodied in the Texas Business & Commerce Code §17.46 *et seq*. Defendant are persons who can be sued for DTPA violations.

38. Defendant knowingly and/or intentionally committed false, misleading, and deceptive acts and, in doing so, violated provisions of the DTPA. In promising to (1) provide coverage for business interruption to its policy holders, and (2) objectively and impartially process claims for business interruption, but failing to do so as promised, Defendant knowingly and/or intentionally violated the DTPA in the following, but not so limited, ways:

- Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has sponsorship, approval, status, affiliation, or connection which he does not;

- Representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another; and

- Failing to disclose information about goods or services that was known at the time of the transaction with the intent to induce the consumer into a transaction that that the consumer would not have entered into the information been disclosed. TEX. BUS. & COM. CODE §17.46.

39. Defendant did not provide the services as promised and engaged in an unconscionable course of action to defraud Plaintiff and Class Members.

40. Because Defendant acted knowingly and/ or intentionally, Plaintiff and Class Members are entitled to and seek to recover treble damages under the Texas Deceptive Trade Practices Act. TEX. BUS. & COM. CODE §17.50 (b)(1).

**Count Six – Violations of the Texas Insurance Code**

41. Pursuant to Rule 58 of the Texas Rules of Civil Procedure, Plaintiff reasserts and incorporates all allegations set forth herein.

42. Defendant's actions were in violation of the Texas Insurance Code, § 541.060 because Defendant engaged in an unfair or deceptive act or practice in the business of insurance. Specifically, Defendant violated § 541.060 by engaging in the following unfair settlement practices with respect to claims made by the Plaintiff class:

- misrepresenting to a claimant a material fact or policy provision relating to coverage at issue;
- failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear;
- failing to promptly provide to a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim;
- refusing to pay a claim without conducting a reasonable investigation with respect to the claim;

43. Because Defendant acted knowingly and/ or intentionally, Plaintiff and Class Members are entitled to and seek to recover treble damages under Section 541.152 of the Texas Insurance Code.

## VIII.
## CONDITIONS PRECEDENT

44. All conditions precedent to Plaintiff's and Class Members' recovery and the claims made the subject of this suit have been performed or have occurred.

## IX.
## EXEMPLARY DAMAGES

45. Plaintiff and Class Members seek exemplary damages against Defendant pursuant to Chapter 41 of the Texas Civil Practice and Remedies Code. Exemplary damages are justified by Defendant's malice and ill will demonstrated by their knowledge and assistance in the fraud committed against Plaintiff and Class Members.

## X.
## ATTORNEYS FEES

46. Pursuant to Rule 58 of the Texas Rules of Civil Procedure, Plaintiff reasserts and incorporates all allegations set forth herein.

47. Pursuant to Chapter 38 of the Texas Civil Practice and Remedies Code, Section 17.50(d) of the Texas Business and Commerce Code, and Section 541.152(a)(1) of the Texas Insurance Code, Plaintiff and Class Members are entitled to recover reasonable attorney's fees and costs in the prosecution of this action.

## XI.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff and Class Members respectfully pray that Defendant be cited to answer herein and that upon final trial of this case, the following relief be awarded:

1. Plaintiff and Class Members be granted judgment against Defendant in the amount of actual and other damages of no less than $1,000,000;

2. Plaintiff and Class Members be granted judgment against Defendant for exemplary damages in a sum determined by the trier of fact;

3. Plaintiff and Class Members be granted judgment against Defendant for treble damages as authorized by TEX. BUS. & COM. CODE § 17.50 (b)(1) and TEX. INS. CODE § 541.152 for knowing and/ or intentional conduct;

4. Plaintiff and Class Members be granted judgment against Defendant in the amount of reasonable, necessary, and customary legal fees and expenses incurred in this lawsuit;

5. Plaintiff and Class Members be granted judgment against Defendant for pre-judgment interest as provided by §302.002 of the Texas Finance Code, and post-judgment interest on the total amount of the judgment until paid at the maximum rate allowed by law, which is the interest rate published by the Consumer Credit Commissioner;

6. Plaintiff and Class Members be granted judgment against Defendant for all costs of court; and Plaintiff be granted such other and further relief, special or general, legal or equitable, to which Plaintiff may show itself to be justly entitled to receive.

Respectfully submitted,

kennard law P.C.

_____
Alfonso Kennard, Jr.
Texas Bar No. 24036888
Alfonso.Kennard@KennardLaw.com
2603 Augusta Drive, Suite 1450
Houston Texas 77057
713/742.0900 (Phone)
713/742.0951 (Fax)

**ATTORNEYS FOR PLAINTIFF**