Case 4:20-cv-02534   Document 43   Filed on 06/11/21 in TXSD   Page 1 of 7

United States District Court
Southern District of Texas
**ENTERED**
June 11, 2021
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| KENNARD LAW, P.C., ON BEHALF OF ITSELF AND OTHERS SIMILARLY SITUATED, § § § *Plaintiffs*, § § v. § NATIONAL FIRE INSURANCE COMPANY § OF HARTFORD, § § *Defendant*. § | Civil Action No.: 4:20-cv-2534 |

## MEMORANDUM AND RECOMMENDATION

This first party insurance coverage dispute is before the Court on Defendant's Motion to Dismiss (ECF 15) and Plaintiff's Corrected Motion for Conditional Certification (ECF 29).[1] The Court recommends that Defendant's motion be GRANTED and Plaintiff's motion be DENIED and this case be dismissed with prejudice.

### I.     Background

Plaintiff, a law firm, is the insured under an insurance policy issued by Defendant for the period May 1, 2019 to May 1, 2020 (Policy). The Policy provides property and liability coverage for three locations, including Plaintiff's principal place of business in Houston, Texas. Plaintiff filed a claim under the Policy for business interruption losses due to COVID-19. Defendant denied the claim because the Policy provides coverage only for "direct physical loss of or damage to property." Plaintiff, for itself and on behalf of a putative class, sued Defendant for breach of

---

[1] The District Court referred this case to the Magistrate Judge for pretrial management. ECF 15. Plaintiff's Motion for Leave to File Sur-Reply (ECF 27) is granted. Although Plaintiff's Response (ECF 18) to Defendant's motion was filed late, the Court is not recommending dismissal on that basis.

contract, breach of fiduciary duty, fraud, negligence, violations of the Texas Insurance Code, and violations of the Texas Deceptive Trade Practices Act.

## II. Rule 12(b)(6) Standards

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the conduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009). In reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), this Court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff. *Alexander v. AmeriPro Funding, Inc.*, 48 F.3d 68, 701 (5th Cir. 2017) (citing *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). However, the court does not apply the same presumption to conclusory statements or legal conclusions. *Iqbal*, 556 U.S. at 678-79.

Claims alleging misrepresentations or fraud in violation of the Texas Insurance Code or the Deceptive Trade Practices Act must meet the pleading requirements of Federal Rule of Civil Procedure 9(b). *See, e,g., Howley v. Bankers Standard Ins. Co.,* No. 3:19-CV-2477-L, 2020 WL 4731968, at *4 (N.D. Tex. Aug. 14, 2020) ("Claims under the DTPA are subject to the heightened pleading requirements of Rule 9(b)."); *Aviles v. Allstate Fire & Cas., Ins. Co.*, No. 5:19-CV-00023, 2019 WL 3253077, at *2 (S.D. Tex. July 9, 2019), report and recommendation adopted, No. 5:19-CV-23, 2019 WL 3412433 (S.D. Tex. July 29, 2019).

Generally, the court may consider only the allegations in the complaint and any attachments thereto in ruling on a Rule 12(b)(6) motion. However, the court may consider documents a defendant attaches to its motion to dismiss under 12(b)(6) if the documents are

referenced in the plaintiff's complaint and central to the plaintiffs' claims. *See Norris v. Hearst Trust,* 500 F.3d 454, 461 n.9 (5th Cir. 2007); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 499 (5th Cir. 2000); *King v. Life Sch.*, 809 F. Supp. 2d 572, 579 n.1 (N.D. Tex. 2011). In this case, the Court will consider the Policy that is central to Plaintiff's claims and is attached to Defendant's motion. ECF 15-1 at 6-159.

### III. Analysis

Plaintiff's First Amended Complaint alleges it suffered business interruption losses due to the coronavirus pandemic that are covered by the Policy. ECF 4. Defendant moves to dismiss Plaintiff's claims first for reasons stated the case in *9520 Homestead, LLC v. Westchester Surplus Lines Ins. Co.*, No. 4:19-CV-2713, 2019 WL 5784893, at *3 (S.D. Tex. Nov. 6, 2019):

> Plaintiff's Complaint only states that an insurance policy exists, and that Defendant breached the policy. Plaintiff fails to identify the specific provisions in the insurance policy that Defendant breached, and the alleged damages suffered. Plaintiff's allegations are conclusory and are not sufficient to support the elements of a breach of contract claim.

Second, Defendant moves to dismiss Plaintiff's claims because Plaintiff has not and cannot allege that it has suffered "direct physical loss of or damage to property."

### A. Breach of Contract Claim

The Policy's Business Income and Extra Expense Endorsement provides coverage for:

> The actual loss of Business Income you sustain due to the necessary "suspension" of your "operations" during the "period of restoration." The "suspension" must be caused by direct physical loss of or damage to property at the described premises. The loss or damage must be caused by or result from a Covered Cause of Loss.

ECF 15-1 at 49. The Policy defines "suspension" as the "partial or complete cessation of your business activities." *Id.* at 46. "Operations" means "the type of your business activities occurring at the described premises and tenantability of the described premises." *Id.* at 44. The "period of restoration:

3

> begins with the date of direct physical loss or damage caused by or resulting from any Covered Cause of Loss at the described premises; and . . . [e]nds on the earlier of: (1) The date when the property at the described premises should be repaired, rebuilt or replaced with reasonable speed and similar quality; or (2) The date when business is resumed at a new permanent location.

*Id.* "Covered Causes of Loss" means "RISKS OF DIRECT PHYSICAL LOSS" unless the loss is excluded or limited by the Policy. *Id.* at 28-29 (capitalization in original). Under the plain language of the Policy, Plaintiff is entitled to recover business interruption losses only for losses caused by direct, physical loss or damage.

Defendant has cited no less than two dozen cases from courts within the Fifth Circuit and elsewhere addressing identical or similar policy language and determining that COVID-19 pandemic business losses are not the result of physical loss or damage.[2] *DZ Jewelry, LLC v. Certain Underwriters at Lloyds London*, No. CV H-20-3606, 2021 WL 1232778, at *4 (S.D. Tex. Mar. 12, 2021) is instructive and persuasive. The plaintiff in *DZ Jewelry* (Zadok) "lost customers and revenue when the State of Texas and Harris County, Texas ordered nonessential businesses to temporarily close their doors to prevent the spread of COVID-19" and filed suit "hoping that its insurance policy covers some of the losses." *Id.* at *1. The district court dashed Zadok's hopes because "Zadok cannot recover under the policy's business-income, civil-authority, or extra-expenses provisions unless it adequately alleges 'direct physical loss of or damage to property.'"[3] *Id.* at *4. In the Fifth Circuit, "pleading 'direct physical loss or damage' to property requires allegations of 'distinct, demonstrable physical alteration of the property.'" *Id.* (quoting *Hartford*

---

[2] Defendant has attached unpublished cases in an appendix to its motion (ECF 15-1) and reply (ECF 22-1). The weight of authority in Defendant's favor continues to grow, and it has filed two notices of supplemental authority during the pendency of this motion. ECF 35, 41.

[3] Plaintiff's First Amended Complaint does not allege which of the Policy provisions provides coverage in this case. *See* ECF 4. In its Response Plaintiff argues the Business Income provision cited above as the source of coverage for the losses it claims in this case. ECF 18 at 6. Thus, the Court has quoted only the Business Income provision in this Memorandum and Recommendation. But, as in *DZ Jewelry*, the civil authority and extra expense provisions of the Policy also require direct, physical loss (among other things not present here). ECF 15-1 at 50, 75.

4

*Ins. Co. Midwest v. Miss. Valley Gas Co.*, 181 F. App'x 465, 470 (5th Cir. 2006)). Zadok did not allege that corona virus was actually detected in its stores, but the Court held that even it had done so, Zadok could not state a plausible claim because "courts considering similar claims have repeatedly stated that COVID-19 does not cause physical damage to property; it causes people to get sick." *Id.* at *5. Plaintiff's First Amended Complaint suffers the same defects that led the court to grant defendant's Rule 12(b)(6) motion in *DZ Jewelry*.

Plaintiff has not cited any authority recognizing a claim for COVID-19 business interruption losses under a policy requiring physical loss. Plaintiff insists that this Court is not bound by the rulings of other district courts but despite several opportunities to do so, has failed to explain that numerous decisions are wrong. *See* ECF 18, 27, 39, 42.

### B. Extracontractual Claims

Because Plaintiff has not stated a plausible claim for coverage under the Policy, its extracontractual claims fail as well. An insurer does not deny a claim in bad faith unless liability on the claim is reasonably clear. *Universe Life Insurance Company v. Giles,* 950 S.W.2d 48, 56 (Tex.1997). In additon, there is no allegation in the Amended Complaint of injury apart from the denial of benefits as required to state extracontractual claims under the Insurance Code and the DTPA. *See USAA Tex. Lloyds Co. v. Menchaca*, 545 S.W.3d 479, 489 (Tex. 2018) (in general, a plaintiff who is not entitled to benefits under the policy cannot recover any damages for statutory violations absent an independent injury). In addition, the conclusory allegations of the First Amended Complaint fail to meet the who, what, when, where, and how pleading requirements of Federal Rule of Civil Procedure 9(b). *Aviles*, 2019 WL 3253077, at *2.

### IV. Conclusion and Recommendation

For the reasons stated above, the Court RECOMMENDS that Defendant's Motion to Dismiss (ECF 15) be GRANTED and this case be DISMISSED WITH PREJUDICE. Because the Court concludes that Plaintiff has failed to state a claim for which relief can be granted, the Court further RECOMMENDS that Plaintiff's Corrected Motion for Conditional Certification (ECF 29) be DENIED.

Courts often give a party an opportunity to amend to cure pleading defects unless the record indicates Plaintiff has pleaded its best case and amendment would be futile. *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002); *DZ Jewelry*, 2021 WL 1232778, at *7 (granting Zadok leave to file an amended complaint within 13 days, "if amendment would not be futile"). Given the weight of authority in support of Defendant's motion and Plaintiff's failure in its briefing to articulate any additional facts that would support its claims, the Court finds that Plaintiff has already pleaded its best case and dismissal with prejudice is warranted. *See Diesel Barbershop, LLC v. State Farm Lloyds*, No. 5:20-CV-461-DAE, 2020 WL 4724305 (W.D. Tex. Aug. 13, 2020) (dismissing claims with prejudice because "State Farm cannot be held liable to pay business interruption insurance on [COVID-19 related] claims as there was no direct physical loss" and thus amendment would be futile).

However, if within the 14-day objection period Plaintiff is able in good faith to assert additional facts that show "direct, physical loss or damage" from COVID-19 as required to state a plausible claim for Business Income losses covered by the Policy, the Court will consider amending its recommendation to dismissal without prejudice to allow Plaintiff to file a Second Amended Complaint.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(c). Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on June 11, 2021, at Houston, Texas.

                                                Christina A. Bryan
                                     United States Magistrate Judge